## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

RONDALE DRAIN,

     Plaintiff,

    v.                          Case No.  2:10-cv-0025

MICHAEL J. ASTRUE,              JUDGE EDMUND A. SARGUS, JR.
Commissioner of Social Security,     MAGISTRATE JUDGE KEMP

     Defendant.

### OPINION AND ORDER

This is a social security disability case.  On August 16, 2010, judgment was entered in

favor of the plaintiff remanding the case to the Commissioner of Social Security for further

proceedings.  Plaintiff has timely filed a motion for attorneys' fees under the Equal Justice Act,

28 U.S.C. §2412, to which the Commissioner has responded.  For the following reasons, the

motion will be granted.

### I.

The Equal Access to Justice Act, 28 U.S.C. §2412, provides, in pertinent part, that the

Court shall award to a prevailing party other than the United States attorneys' fees and expenses

"unless the court finds that the position of the United States was substantially justified or that

special circumstances make an award unjust."

The party seeking an award of such fees and expenses is required to submit a fee application

to the court within 30 days of the date that the judgment became final and non-appealable.  The

application must demonstrate that the party is a prevailing party and is eligible to receive a fee

award.  It must also document the amount sought, including an itemized statement from the

attorney or attorneys involved, and must allege that the position of the United States was not substantially justified. The court is then required to determine, on the basis of the record, whether the position of the United States was substantially justified. Attorneys' fees are limited to the rate of $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."

Once a petition has been filed alleging that the position of the United States was not substantially justified, the United States has the burden of demonstrating such justification. See Miller v. United States, 831 F. Supp. 1347, 1351 (M.D. Tenn. 1993) ("The burden lies with the government to demonstrate that its position was substantially justified ...."); Weber v. Weinberger, 651 F.Supp. 1379, 1388 (E.D. Mich. 1987) ("with respect to an application for attorney's fees the Government has the burden of showing that its position was substantially justified."); see also Howard v. Heckler, 581 F. Supp. 1231, 1233 (S.D. Ohio 1984). The question of whether the United States' position is substantially justified is determined based upon the standards set forth in Pierce v. Underwood, 487 U.S. 552 (1988). In Pierce, the Court concluded that the phrase "substantially justified" as used in the EAJA means justified "to a degree that could satisfy a reasonable person." Pierce, supra, at 565. As the Court noted, that test "is no different from the 'reasonable basis both in law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue." Id., citing, inter alia, Trident Marine Construction, Inc. v. District Engineer, 766 F.2d 974 (6th Cir. 1985). An agency decision that is not supported by substantial evidence may still be one that has a reasonable basis in law and fact. Jankovich v. Bowen, 868 F.2d 867 (6th Cir. 1989).

-2-

Consequently, this Court is required to apply the "reasonable basis in law and fact" test set forth in Trident Marine Construction to this application for attorneys' fees.

## II.

The basis for remanding this case to the Commissioner is set forth in the Court's Opinion and Order filed on August 16, 2010 (Doc. #17). There, the Court noted that the record was in a state of irreconcilable conflict about whether plaintiff had been diagnosed as mentally retarded, particularly because the testifying medical expert had made that diagnosis, another doctor had deferred such a diagnosis, and the state agency reviewer had rejected it. The ALJ apparently failed to recognize or resolve this conflict, which was important to the outcome, because if plaintiff were diagnosed as suffering from mental retardation, he would likely meet the criteria for disability specified in Section 12.05(c) of the Listing of Impairments because the ALJ found that he was physically limited to the performance of sedentary work with a sit-stand option. The ALJ seemingly rejected plaintiff's claim for disability under that Listing because his physical impairment had not manifested itself prior to age 22 - a conclusion that is irrelevant to the question of whether the Listing has been satisfied - and because, despite the evidence that plaintiff was in special education classes, had learning difficulties, and scored anywhere from 60 to 74 on IQ tests while he was in school, his developmental problems did not exist prior to age 22. (Tr. 20).

In his motion for fees, plaintiff argues that the Commissioner's litigation position was not substantially justified because of the ALJ's focus on factors which were not relevant to the question of whether Listing 12.05(C) had been satisfied, and because the ALJ erroneously relied on the medical expert's testimony about whether the Listing had been met. He claims that there

-3-

was no reasonable support for these positions.  In response, the Commissioner argues that "[b]ecause the ALJ's decision was substantially justified, it was also reasonable for the Government to defend the merits of the decision itself."  Memorandum in Opposition to Motion for Attorneys' Fees, Doc. #21, at 3-4.  The only basis articulated in support of this conclusion is that, despite the ALJ's failure to appreciate the irrelevance of the factors cited in the decision or to determine whether plaintiff manifested deficits in adaptive functioning prior to age 22, there was some evidence in the record that, had the ALJ considered it, might have supported a finding that plaintiff did not qualify for benefits under Listing 12.05(C).  Alternatively, the Commissioner argues that the fee request is excessive.

The Commissioner's brief argument against an award of fees is quickly disposed of. Here, it was a foregone conclusion that the administrative decision, flawed as it was, could not stand.  The Commissioner conceded some of the flaws in the decision, but argued that any error was harmless because the ALJ could reasonably have relied on the medical expert's testimony and because of the existence of conflicting evidence as to whether plaintiff showed deficits in adaptive functioning before age 22.  As to the former argument, the medical expert did not discount plaintiff's claim of mental retardation, but rather confirmed that diagnosis, commenting that he could not testify about physical impairments which might meet the other portion of the Listing.  Once the ALJ found such impairments, the medical expert's testimony could only be interpreted as supporting plaintiff's claim.  As to the latter argument, it is by now clear that if the ALJ does not resolve conflicts in the evidence, or even acknowledge them, and they are material to the outcome of the case, the Court will not perform that task and supply a possible rationale for the decision; its role is limited to reviewing the actual decision made.  Because the ALJ did

-4-

not discuss or resolve the conflicting evidence in an appropriate way, it would have been difficult for the Commissioner to make a reasoned argument that a remand was not required. Consequently, the Court agrees with plaintiff that the Commissioner's litigation position did not meet the "substantially justified" standard and that an award of fees is warranted.

This conclusion does not resolve the issue of how much the award should be. Plaintiff has asked for $4,117.87 in fees, representing 23.7 hours of work. That time includes travel time to the Court, filing, and receiving email notifications of filings. The Commissioner argues that these are clerical or administrative tasks for which attorneys' fees should not be awarded. Plaintiff has not responded to this argument.

The itemization filed by plaintiff shows that 1.2 hours were devoted to this type of activity. Half an hour was travel time, which does seem to be an administrative task, and that will not be compensated. The other .7 hour (seven separate entries) which is challenged consists of counsel's review of emails from the Court's electronic docketing system advising counsel that various filings have been made. The Court does expect attorneys to keep up with the progress of the case through reviewing emails about filings. Six minutes per review may be somewhat excessive, but there typically is no smaller increment for billing time than a tenth of an hour. The Court will not reduce the fee petition for this time.

### III.

Based on the foregoing analysis, plaintiff's motion for attorneys' fees under the Equal Access to Justice Act (#19) is **GRANTED.** Plaintiff is awarded the sum of $4,031.00 as fees, to be made payable to plaintiff.

**IT IS SO ORDERED.**

-5-

1-5-2011

**DATED**

EDMUND A. SARGUS, JR.
**UNITED STATES DISTRICT JUDGE**